NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000112**
**19-JAN-2012**
**09:10 AM**

NO. CAAP-11-0000112

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

E*TRADE BANK, Plaintiff-Appellee, v.
BRUCE CHADWICK, Defendant-Appellant,
BONNIE SUE CHADWICK, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., MOVADO GROUP, INC.,
PUʻUNOA HOMEOWNERS ASSOCIATION, INC., JOHN DOES
1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10 and
DOE GOVERNMENTAL UNITS 1-10, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0781(2))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Bruce Chadwick (**Chadwick**) appeals *pro se* from the Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint filed October 9, 2009 (**Judgment**), filed on February 22, 2011, in the Circuit Court of the Second Circuit (**Circuit Court**).[1]

Chadwick raises four points of error on appeal,[2] which state as follows:

---

[1]     The Honorable Shackley F. Raffetto presided.

[2]     Chadwick's points of error fail to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). His points of error contain none of the required citations to the record. To the extent possible, we have, nevertheless, reviewed the merits of Chadwick's appeal.

> A.    The court below erred in tacitly deciding that it acquired jurisdiction to adjudicate Appellant as a contract law violator contrary to HRS §656 and Rule 17 *Id.*, notwithstanding the fact that governments provide defendants an affirmative defense against a plaintiff missing its ratification.
>
> B.    On November 8, 2010, pursuant to Rule 17 *Id.*, Appellant timely initiated government's affirmative defense and moved for relief from Appellee's faulty suit (CC Doc 15), which court failed to adjudge.  The Appellant prayed, to no avail, that the lower court's error be corrected.
>
> C.    The lower court denied the requested relief without written decision(s).  The lower court's conclusion appears erroneous because the provisions of, *inter alia*, HRS Chapter 656 and Rule 17 *Id.* do not permit the lower court to proceed with any inappropriate action without first witnessing the ratification, e.g. holding the contract effected between the parties.
>
> D.    The lower court's points of error in departing from its duties caused unconstitutional acts, which Appellant requests, in the interest of justice, that this Honorable Court notice all other related errors of record not presented in this brief.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Chadwick's points of error as follows:

(A, B & C)  Chadwick's contention that the Circuit Court lacked jurisdiction over this matter is without merit.  It appears that Chadwick contends that Plaintiff-Appellee E*Trade Bank (**E*Trade**) lacked standing to bring this foreclosure action and, therefore, the Circuit Court erred when it failed to dismiss the complaint.  We disagree.  The complaint alleged that Chadwick (and Defendant Bonnie Sue Chadwick) defaulted on payments due pursuant to a transferrable promissory note, which note was secured by a mortgage.  The complaint further alleged that E*Trade possessed and owned the note, and was the assignee under a duly-recorded assignment of said mortgage.  Thus, E*Trade alleged a sufficient stake in the matter to confer standing upon it to bring the foreclosure complaint.  See, e.g., Hawaii's Thousand Friends v. Anderson, 70 Haw. 276, 281, 768 P.2d 1293, 1298 (1989).

2

(D)   It appears that Chadwick's argument that the Circuit Court's actions were unconstitutional is raised for the first time on appeal.  Chadwick appears to argue that the Circuit Court failed to comply with Circuit Court Rule 24 and "overlooked" E*Trade's alleged failure to timely file its pretrial statement, thereby purportedly depriving him of his due process rights under the United States Constitution and the Hawai'i Constitution.  Chadwick fails to provide any factual or legal support for his assertions.  Moreover, the rule in this jurisdiction prohibits an appellant from complaining for the first time on appeal of error to which he has acquiesced or to which he failed to object.  Okuhara v. Broida, 51 Haw. 253, 255, 456 P.2d 228, 230 (1969) (citations omitted); see also HRS § 641-2 (Supp. 2010) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner."); Craft v. Peebles, 78 Hawai'i 287, 294, 893 P.2d 138, 145 (1995); HRAP Rule 28(b)(4)(iii).

Chadwick otherwise fails to raise any discernible argument on this appeal.  We have recognized that "[a]n appellate court need not address matters as to which the appellant has failed to present a discernible argument."  International Sav. and Loan Ass'n, Ltd. v. Carbonel, 93 Hawai'i 464, 473, 5 P.3d 454, 463 (App. 2000); HRAP Rule 28(b)(7) (stating that the argument in the opening brief must contain "citations to the authorities, statutes and parts of the record relied on" and "[p]oints not argued may be deemed waived"); Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 158, 434 P.2d 516, 518 (1967); Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai'i 422, 433, 16 P.3d 827, 838 (2000) ("An appellate court does not have to address matters for which the appellant has failed to present discernible argument.").

For these reasons, the Circuit Court's February 22, 2011 Judgment is affirmed.

DATED:  Honolulu, Hawai'i, January 19, 2012.

On the briefs:

Bruce Chadwick
Defendant-Appellant Pro Se

Robert E. Chapman
Thomas J. Berger
(Clay Chapman Iwamura Pulice
  & Nervell)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge